IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

EFFIE COLLINS                                    *
                  Plaintiff               *
                                          *
V.                                               *
                                          *
ARKANSAS BOARD OF                                *          NO: 3:12CV00123  SWW
EMBALMERS & FUNERAL                              *
DIRECTORS, ET AL.                                *
                                                 *
                  Defendants

<u>ORDER</u>

Plaintiff Effie Collins brings this action pursuant to 42 U.S.C. § 1983 against the

Arkansas Board of Embalmers and Funeral Directors (the "Board") and Board members, sued in

their individual and official capacities.  Collins also sues three funeral homes-- Christian Funeral

Directors, Inc., Old Cobb, Inc., and Wilson Funeral Home--and owners and employees of the

funeral homes--Rodney E. Williams, Laron Jackson, Billy Holifield, and LaFonce Latham

(collectively, the "Funeral Home Defendants").

Before the Court are the Funeral Home Defendants' motions to dismiss (ECF Nos. 9, 10,

16, 17, 18, 19, 20, 24, 25, 26), Collins's responses in opposition (ECF Nos. 40, 41, 42, 48), and

the Funeral Home Defendants' replies (ECF Nos. 49, 51, 52).  Also before the Court is a motion

to dismiss by the Board (ECF Nos. 13, 14), Collins's response in opposition (ECF Nos. 40, 41,

42, 48), and the Board's reply (ECF No. 50).  After careful consideration, and for reasons that

follow, Defendants' motions to dismiss are granted.

**I.  Background**

Plaintiff Collins is the owner of Collins Chapel Mortuary, Inc. ("CCM"), and she has faced multiple charges that she failed to comply with Arkansas rules and regulations governing embalmers and funeral directors. Various administrative complaints filed against Collins resulted in fines and license suspensions and the ultimate revocation of her funeral home director's and establishment licenses. As the following background reveals, each disciplinary action taken against Collins, with the exception of one, has been affirmed on judicial review in state court.[1]

In 2007, the Arkansas Department of Health complained to the Board that Collins had failed to carry out her duty, as a funeral director, to file a death certificate with the vital records registrar. Collins admitted the charge, and after a hearing, the Board imposed a $1,500 fine and suspended Collins's funeral director's license for one year.

Collins appealed, and the Circuit Court of Pulaski County affirmed the Board's decision. *See* ECF No. 13-2, Ex. B. Collins then appealed to the Arkansas Court of Appeals, asserting that (1) the Board erred in denying her request for a hearing continuance, (2) a Board member erred in failing to recuse, (3) the Board's findings were not supported by substantial evidence, and (4) the punishment imposed was so severe as to be arbitrary and capricious. *See Collins v. Arkansas*

---

[1] When ruling on a Rule 12(b)(6) motion, the court must generally ignore matters outside the pleadings, *see Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and if a court considers evidence outside the pleadings, it must normally convert the motion into one for summary judgment. *See Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003). However, a court may consider materials that are necessarily embraced by the complaint and materials that are part of the public record. *Id.* Here, the complaint references the administrative proceedings against Collins, and both Collins and the State provide copies of orders and other documents that are part of the public record and properly considered in deciding Defendants' motions to dismiss. *See Miller v. Redwood Toxicology Laboratory, Inc.*, 688 F.3d 928, 933 (8th Cir. 2012).

*Bd. of Embalmers and Funeral Directors,* 2009 Ark. App. 498, 1-2, 324 S.W.3d 716, 717

(2009).  The Court of Appeals rejected Collins's arguments[2] and affirmed the Board's decision.

---

[2]The Court of Appeals disagreed that the Board abused its discretion in denying Collins's motion for a continuance, noting that Collins's attorney moved for a continuance because Collins failed to show up for the hearing when  "something came up."  *Collins v. Arkansas Bd. of Embalmers and Funeral Directors,* 2009 Ark. App. 498, 3, 324 S.W.3d 716, 719 (2009).  The Court stated:  "In the absence of even an allegation of a specific reason for [Collins's] absence, much less a sufficiently compelling reason, it cannot be said that it was an abuse of discretion for the Board to deny her request for a continuance, made in her absence on the day set for the hearing, when other witnesses were present."  *Id.*

The Court found no merit to Collins's claim that a Board member erred in failing to recuse.  Noting that Collins merely alleged that she and the Board member had a "common personal relationship in the past" that could cause the member to be biased against her, the Court of Appeals concluded that Collins failed to show error or prejudice from the failure to  recuse. *See id.* at 4, 324 S.W.3d. at 718.

Regarding the sufficiency of evidence, the appellate court stated:

There was evidence that the decedent died on May 9, 2007, and that a death certificate was signed by a physician and mailed to [Collins's] funeral home on May 21.   After a customer complaint that [Collins] refused to file decedent's death certificate was made to the Division of Vital Records on July 17, agents of the Division contacted [Collins] and made demand for the death certificate pursuant to Ark. Code Ann. § 20–18–303(a). [Collins] said that she would "look into it." After repeatedly and fruitlessly contacting [Collins[ to obtain the demanded information and death certificate between July 17 and August 13, 2007, and despite an offer by the Division to help facilitate the filing, the Division was required to take the extraordinary step of issuing the death certificate under its own authority.

[Collins] argues that this evidence is insufficient because it failed to show that her failure  to provide the demanded information was intentional.  We do not agree. Given  the  number and frequency of contacts that she received from the Division, we think that the Board could reasonably infer that [Collins's] failure to provide the demanded information was intentional.  [Collins], in fact, admits that the demanded information was not provided, but asserts that this was merely the result of forgetfulness, employee inefficiency, and her own failure to properly oversee her employees.  We do not think that the Board was required on this record to find that her failure to provide the demanded information was the result of such gross negligence and incapacity to perform her duties as she suggests.  Furthermore, we think that such gross negligence and incapacity would provide no excuse for

3

*Id.*

A second complaint against Collins, lodged by the United States Air Force Mortuary Affairs Division, charged that Collins overcharged the Air Force for the goods and services she provided in the course of handling funeral services for Captain Jeffrey S. Hampton.  *See* ECF No. 13-3, Ex. C.  After a hearing held on July 15, 2008, the Board made the following findings:

- Collins charged $22,154.96 for Captain Hampton's funeral services, and the Air Force requested that she provide a copy of CCM's price lists.

- After four telephone calls made over a period of two weeks, the Air Force received a non-itemized statement from Collins that was void of numerous disclosures required by the Federal Trade Commission's Funeral Practice Rule.

- Collins's actions amounted to misrepresentation in violation of a state statute, which permits the Board to suspend or revoke a funeral director's license after a proper hearing and upon a finding that the license holder committed listed

---

[Collins's] failure to perform, but would instead be a matter at least as serious as a simple refusal to perform by a competent funeral director.

*Id.,* 2009 Ark. App. 498, 4-5, 324 S.W.3d at 718 - 719 (2009).   Finally, regarding Collins's charge that the penalty imposed was too severe, the Court of Appeals noted that Collins was not merely late in fulling her duties, but was "utterly noncompliant, so much so that the Department of Vital Records was required to file the death certificate itself."  *Id.*  The Court noted:

There is a qualitative difference between tardiness, even chronic tardiness, and contumacious refusal, and the evidence was sufficient to show that [Collins] was guilty of  such refusal, breaking several regulations in the process. The legislature permits the Board to revoke licenses for violations rather than suspend them, and to impose fines in amounts up to $10,000. Ark. Code Ann. §§ 17–29–311 and 403. Given that the punishments imposed were moderate with respect to that which was authorized, and that the evidence supports a finding that [Collins] acted knowingly and willfully with respect to the violations rather than merely negligently, it cannot be said that the Board's actions were extremely harsh and unreasonable when all the facts are considered.

*Id.*

4

activities, including misrepresentation or fraud.  *See* Ark. Code Ann. § 17-29-311(a)(2).

The Board concluded that Collins's "numerous violations of state and federal law" demonstrated that she had become unfit to practice as a funeral director.  EFC No. 13-3. Accordingly, the Board suspended Collins's license for an additional year, to run consecutive to the initial one-year suspension it had previously imposed, and it suspended CCM's establishment license for a period of two years.  *Id.*

Collins appealed, and the Circuit Court of Mississippi County affirmed in part and reversed in part.  The Circuit Court found substantial evidence to support the conclusion that CCM's statement of goods and services did not comply with state and federal law, but it found a lack of evidence to support the finding that Collins's actions amounted to misrepresentation and malpractice.  *See* ECF No. 13-4.

On May 28, 2009, prior to the Mississippi Circuit Court's decision, the Board held a hearing on a third complaint filed against Collins by individuals who made funeral arrangements for decedent Charles Ellis Jefferson.  *See* ECF No. 13-5.  The Board held a hearing[3] regarding the third complaint and found that Collins carried on business as a funeral director while her license was suspended.  The Board further found that Collins's actions constituted misrepresentation or fraud in violation of Ark. Code. Ann. § 17-20-311(a)(2).  After the hearing, the Board revoked Collins's funeral director's license and CCM's establishment license.  Collins appealed to the Mississippi Circuit Court, and the Court affirmed the Board's findings and

---

[3]Collins received notice of the hearing but did not make an appearance.  In her amended complaint, Collins alleges that she directed her attorney to submit a written request for a continuance of the hearing, but the attorney failed to do so.  *See* ECF No. 3, ¶ 88.

conclusions in their entirety.  *See* ECF No. 13-6.

Next, Collins petitioned the Board for reinstatement of her licenses.  After a hearing, by order dated May 26, 2011, the Board denied Collins's petition.  In its order, the Board noted that it had referred criminal charges against Collins to the prosecuting attorney after obituaries published in a local newspaper stated that Collins had provided funeral services after the revocation of her funeral director's and establishment licenses.[4]

On February 17, 2011, Collins entered a *nolo contendere* plea to operating a funeral home without a license.  *See* ECF No. 13-8.  A judgment entered in the District Court of Mississippi County on February 17, 2011, states: "The Court hereby accepts the plea of Defendant [Collins] and suspends imposition of sentence (SIS) for a period of one (1) year and assesses Court costs of $140.00; no fine or jail time is required."  *Id*.

Collins appealed the Board's decision denying her application for licenses, and by order dated November 7, 2012, the Circuit Court of Mississippi County affirmed.  *See* ECF No. 13-9. On March 12, 2013, Collins appealed the Circuit Court's decision to the Arkansas Court of Appeals.  *See Collins v. Arkansas Board of Embalmers and Funeral Directors*, No. 13-230 (docket sheet available at https://courts.arkansas.gov/index.html).  Collins's appeal is currently

---

[4]Arkansas Code § 17-29-401 provides:

Any person who, after February 28, 1985, practices the science of embalming, engages in the business of funeral directing, or conducts, maintains, manages, or operates a funeral establishment without a license issued under any provision of § 17-29-201 et seq. and § 17-29-301 et seq. shall be guilty of a Class A misdemeanor and subject to the punishment prescribed for Class A misdemeanors in the Arkansas Criminal Code.

Ark. Code Ann. § 17-29-401.

pending.

On May 22, 2012, before Collins filed her most recent appeal in state court, she commenced this lawsuit pursuant to 42 U.S.C. § 1983.[5]  Collins charges that the Board violated her constitutional rights to procedural and substantive due process and equal protection of the law.  By way of relief, Collins asks the Court to award her damages and restore her licenses.  Collins further charges that the Funeral Home Defendants conspired with Board members to deprive her of her constitutional rights.

## II.  Funeral Home Defendants' Motions to Dismiss

The Funeral Home Defendants have filed separate motions to dismiss, each asserting that Collins's claims are subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true.  *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997).  The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 1968.  Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to plausible." *Id*. at 1974.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

---

[5]Collins also brings supplemental state law claims under the Arkansas Civil Rights Act.

reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal* 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009)(quoting Fed. R. Civ. P. 8(a)(2)).

A plaintiff suing under § 1983 must establish two essential elements: (1) the defendant committed the complained of conduct under color of state law, and (2) the conduct deprived the plaintiff of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.[6]  The Funeral Home Defendants argue, among other things, that Collins has failed to allege facts showing that they acted under color of state law.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255 (1988)(quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043(1941)).  A private party acts under color of state law and may be held liable under § 1983 if he is a willful participant in joint action with the State or its agents. *See Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993)(quoting *Dennis v. Sparks*, 449 U.S. 24, 25 (1980)); *see also Tower v. Glover*, 467 U.S. 914, 920, 104 S.Ct. 2820 (1984) ("[A]n otherwise private person acts 'under color of' state law when engaged in a conspiracy with state officials to

---

[6]Similar to § 1983, the Arkansas Civil Rights Act provides a cause of action against persons who, under color of any statute, ordinance, regulation, custom, or usage of the State of Arkansas, subject any person to a violation of rights secured under the Arkansas Constitution. *See* Ark. Code Ann. § 16-123-105 (a).

deprive another of federal rights.").  A plaintiff seeking to hold a private party liable under §

1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the

minds, between the private party and the state actor.  *See Mershon v. Beasley*, 994 F.2d 449, 451

(8th Cir. 1993)(citations omitted); *see also  Dossett v. First State Bank*, 399 F.3d 940, 951 (8th

Cir. 2005)(citing  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598 (1970))("Under

§ 1983 , a plaintiff must establish not only that a private actor caused a deprivation of

constitutional rights, but that the private actor willfully participated with state officials and

reached a mutual understanding concerning the unlawful objective of a conspiracy.").  The

Supreme Court has rejected the notion that a private party's mere invocation or participation in

state legal procedures satisfies § 1983's state action requirement.  *Lugar v. Edmondson Oil* Co.,

457 U.S. 922, 939 n.21 (1982).

Here, the amended complaint is void of a single allegation indicating joint action or a

meeting of the minds between the Funeral Home Defendants and the Board members.  Collins's

sole allegations pertaining to the Funeral Home Defendants is that agents of the funeral homes

submitted letters to the Board expressing their opinions about Collins's application for

reinstatement of her funeral home director's license:

• Defendant Williams, an employee of Defendant Christian Funeral Home, Inc., submitted
a letter to the Board, complaining that Collins used his name and embalmer's license
number to file death certificates.  In his letter, Williams conveyed that he had reported
Collins's unauthorized use of his name and license number to a prosecuting attorney and
law enforcement, and he requested that the Board intervene on his behalf and stop
Collins
from "using [his] identity fraudulently."  ECF No. 3, Ex. A.

• Defendant Billy Holifield, manager of Defendant Cobb Funeral Home, now known as
Old Cobb Funeral Home, submitted a letter to the Board stating his opinion that
reinstatement of Collins's license would be a "travesty" to his profession. ECF No. 3,
Ex. B.  Holifield's letter further states that he was aware of Collins's "blatant disregard,

disrespect, contempt and lack of professional behavior . . . " *Id.*

•   Defendant LaFonce Latham, owner and manager of Defendant Wilson Funeral Home, submitted a letter to the Board stating that he was aware of Collins's "total lack of respect" for the Board, the County Coroner's Office, and other funeral homes. *See* ECF No. 3, Ex. C. And Latham expressed his opinion that Collins's license application should be denied.

The Court finds that Collins has failed to allege facts demonstrating that the Funeral Home Defendants acted under color of state law or engaged with Board members in a conspiracy to deprive her of constitutional rights. Accordingly, Collins's claims against the separate defendants will be dismissed with prejudice.

### III. The Board's Motion to Dismiss

Collins sues the Board and Board members in their individual and official capacities. The State seeks dismissal of Collins's official-capacity claims pursuant to the doctrine of sovereign immunity and dismissal of Collins's individual-capacity claims pursuant to the doctrines of qualified and absolute immunity. Alternatively, the State seeks dismissal on several additional grounds including abstention under *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971).

The sovereign immunity of the States recognized in the Eleventh Amendment[7] bars any suit brought in federal court against a state or state agency, regardless of the nature of the relief

---

[7]The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The States' immunity from suit existed long before ratification of the Constitution, and it neither derives from or is limited by the Eleventh Amendment. *See Alden v. Maine*, 119 S. Ct. 2240, 2254 (1999).

sought, unless Congress has abrogated the States' immunity or a state has consented to suit or waived its immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 74 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). In addition to barring all claims brought directly against a state or state agency, the Eleventh Amendment protects state officials sued in their official capacities from all claims, with the exception of certain claims for prospective, equitable relief. *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

The State has neither consented to suit nor waived its immunity with respect to Collins's § 1983 claims, and Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991). Collins's claims against the Board, a state agency, *see* Ark. Code Ann. § 17-29-201, are barred under the doctrine of sovereign immunity, and her claims for money damages against Board members sued in their official capacities are likewise barred.

Under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment, but such relief must be aimed at preventing future violations of federal law. The Court assumes for the purpose of review that this exception applies to Collins's official-capacity claims to the extent that she seeks reinstatement of her funeral director's and establishment licenses. However, for reasons that follow, the Court will abstain from hearing these claims.

The *Younger* abstention doctrine requires federal courts to abstain from accepting jurisdiction in cases where equitable relief is requested and granting relief would interfere with pending state proceedings in such a way as to offend principles of comity and federalism. *See*

11

*Night Clubs, Inc. v. City of Fort Smith*, Ark. 163 F.3d 475, 477 n1. (8th Cir. 1998).  Abstention is

warranted under *Younger* "if the action complained of constitutes the basis of an ongoing state

judicial proceeding, the proceedings implicate important state interests, and an adequate

opportunity exists in the state proceedings to raise constitutional challenges." *Harmon v. City of*

*Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999)(citing *Fuller v. Ulland*, 76 F.3d 957, 959

(8th Cir.1996)).

      The Court finds that the criteria for abstention under *Younger* are met with respect to

Collins's claim for license reinstatement.  First, in simultaneous proceedings, Collins asks this

Court and the Arkansas Court of Appeals to overturn the Board's decision and reinstate her

licenses, and Collins's appeal in state court is ongoing.[8]  Second, the State's interest in the

regulation of funeral directors and establishments is an important state interest.  Third, Collins

will have an adequate opportunity to raise her constitutional claims in state court.[9]  The Court

---

    [8]For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed.  *See Tony Alamo Christian Ministries v. Selig,*  664 F.3d 1245, 1250 (8th Cir. 2012).  Although Collins commenced this federal lawsuit before she filed her most recent appeal in state court, "*Younger* requires a federal court to abstain not only when and while the state trial court proceedings [are] ongoing, but until the state defendant (and federal plaintiff) exhausts his appellate remedies."  *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608–09, 95 S. Ct. 1200 (1975).

    [9]The Arkansas Court of Appeals may reverse the agency decision if it concludes that "'[t]he substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . [i]n violation of constitutional or statutory provisions . . . .'"  *Collins v. Arkansas Bd. of Embalmers and Funeral Directors,*  2009 Ark. App. 498, 2-3, 324 S.W.3d 716, 718 (2009)(quoting *Arkansas Board of Embalmers & Funeral Directors v. Reddick*, 366 Ark. 89, 92–93, 233 S.W.3d 639, 642–43 (2006)(citing Ark. Code Ann. § 25–15–212(h)).

will abstain from entertaining Collins's official-capacity claims seeking reinstatement of licenses, and those claims will be dismissed without prejudice.

The State argues that Collins's remaining claims against Board members in their individual capacities are barred under either absolute or qualified immunity doctrines.  Agency officials who perform quasi-judicial functions may be entitled to absolute immunity with respect to claims against them in their individual capacities.  *See Dunham v. Wadley*, 195 F.3d 1007, 1010 (8th Cir. 1999)(finding veterinary licensing board members who perform quasi-judicial functions entitled to absolute immunity).  Absolute immunity is appropriate when the official's responsibilities and functions are similar to those involved in the judicial process, the official's actions are likely to result in lawsuits for damages by disappointed parties, and sufficient safeguards exist in the regulatory framework to control unconstitutional conduct.
*See Dunham*, 195 F.3d at 1010(citations omitted).

The Court finds that the requisites for absolute immunity are met in this case.  Arkansas law authorizes the Board to suspend or revoke licenses of funeral directors and embalmers, *see* Ark. Code Ann. § 17-29-311, and to revoke establishment licenses for violations of state licensing law.  *See* Ark. Code Ann § 17-29-307.  The Board also has the power to impose a civil penalty not to exceed $10,000 on persons who violate statutes and rules governing funeral directors.  *See* Ark. Code Ann. § 17-29-403.  The Board's functions are unquestionably judicial in nature, and its decisions and actions are likely to result in lawsuits for damages by disappointed parties such as Collins.  Furthermore, Arkansas law provides sufficient safeguards to control unconstitutional conduct by Board members.  Pursuant to the Arkansas Administrative Procedures Act, a state court may reverse a Board decision if the agency's findings or decisions

lack evidentiary support, violate constitutional or statutory provisions, exceed agency authority; result from unlawful procedure; or are arbitrary, capricious, or an abuse of discretion.  *See Collins v. Arkansas Bd. of Embalmers and Funeral Directors,* 2009 Ark. App. 498, 2-3, 324 S.W.3d 716, 718 (2009)(citing *Arkansas Board of Embalmers & Funeral Directors v. Reddick*, 366 Ark. 89, 92–93, 233 S.W.3d 639, 642–43 (2006)(citing Ark. Code Ann. § 25–15–212(h)).

Collins charges that Board members violated her constitutional rights in the course of performing official duties that are judicial in nature, and she fails to allege facts demonstrating the Board members acted in complete absence of all jurisdiction.[10]   Accordingly, the Court finds that the Board members are entitled to absolute immunity and that Collins's individual-capacity claims must be dismissed with prejudice.

## IV.  Conclusion

For the reasons stated, Defendants' motions to dismiss (ECF Nos. 9, 13, 16, 18, 20, 24) are GRANTED.  Plaintiff's official-capacity claims against members of the Arkansas Board of Embalmers and Funeral Directors, seeking reinstatement of licences, are DISMISSED

---

[10]A judicial or quasi-judicial official is not immune from lawsuits based on actions taken in the complete absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, (1991).  However, the scope of the official's jurisdiction is construed broadly, and a distinction exists between acts performed in excess of jurisdiction and those done in the complete absence of jurisdiction: "As to the former, a 'judge acts in excess of jurisdiction if the act complained of is within his general power of jurisdiction but is not authorized because of certain circumstances.'  As to the latter, '[t]here is a clear absence of jurisdiction when a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial.'" *Duty v. City of Springdale,* 42 F.3d 460, 462 -463 (8th Cir. 1994)(quoting *Billingsley v. Kyser*, 691 F.2d 388, 389 (8th Cir. 1982)(first internal quotation); *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir.), *cert. denied*, 513 U.S. 870, 115 S.Ct. 193(1994)(second internal quotation)).

WITHOUT PREJUDICE, and Plaintiff's additional claims are DISMISSED WITH

PREJUDICE.

IT IS SO ORDERED THIS 31ST DAY OF MAY, 2013.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE